# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT H. STOVER, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00063-NONE-SAB<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DIFFERENT JUDGE<br><br>(ECF No. 5) |

Ahkeem Deshavier Williams ("Plaintiff") is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 3, 2020, Plaintiff filed a request for this action to be reassigned to a different judge. Plaintiff seeks reassignment contending that the judge has a conflict of interest because the undersigned was assigned to his prior case, 1:19-cv-00856-DAD-SAB and his appeal of that action. Plaintiff contends that the undersigned is biased and he wants a different judge to oversee his claims in this matter because the undersigned has already been on one of his cases. He demands a new judge and is moving to dismiss the undersigned from the screening process.

As relevant here, a "magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a). A magistrate shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed

evidentiary facts concerning the proceeding[.] 28 U.S.C. § 455(b)(1).

"The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008); Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" Holland, 519 F.3d at 913.

Here, Plaintiff alleges a conflict of interest and bias due to the fact that the undersigned was assigned to his prior matter. However, the fact that the undersigned has previously been assigned to one of Plaintiff's cases would not cause a reasonable person to conclude that the judge's impartiality would reasonably be questioned.

Recusal under 28 U.S.C. § 144 is only required where the prejudice or bias of the judge is both personal and extra-judicial. United States v. Carignan, 600 F.2d 762, 763 (9th Cir. 1979). In order for the alleged bias and prejudice to be disqualifying, it must stem from an extrajudicial source other than what the judge learned from his participation in the case. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). The source of the bias must be extra-judicial because the recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made. . . ." Ex parte Am. Steel Barrel Co., 230 U.S. 35, 44 (1913).

None of the circumstances requiring recusal are present in this action. The fact that this court made judicial rulings adverse to Plaintiff in the prior case does not provide a basis for this court to recuse itself. Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Even opinions that are formed by the judge on the basis of facts introduced or events occurring in the course of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky, 510 U.S. at 555. Plaintiff's contention that the undersigned has been the judge on a prior case is not a ground for recusal.

The undersigned has no personal bias against Plaintiff nor a personal favoritism for the defendants named in this matter. Plaintiff has asserted no grounds for recusal of the undersigned in this matter. "[I]n the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" <u>United States v. Holland</u>, 519 F.3d 909, 912 (9th Cir. 2008) (citations omitted). Accordingly, Plaintiff's request for a different judge is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **February 5, 2020**

UNITED STATES MAGISTRATE JUDGE