**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT H. STOVER, et al.,<br><br>Defendants. | Case No. 1:20-cv-00063-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Ahkeem Deshavier Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed January 13, 2020. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*

complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described occurred while Plaintiff was a pre-trial detainee and/or in relation to court proceedings that occurred while imprisoned. Plaintiff is not challenging his conditions of confinement. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Defendants Robert H. Stover ("Stover"), identified as a public defender, and Thomas Snyder ("Snyder"), identified as a district attorney for Kings County. (Compl. 2, ECF No. 1.) Plaintiff has filed multiple substantially identical lawsuits in this Court relating to the primary February 21, 2017 incident involved in the complaint.[1]

This is the fourth case that Plaintiff has filed in this court based on his arrest for animal

---

[1] Plaintiff has filed numerous actions related in some manner to the instant action. On June 19, 2017, Plaintiff filed Williams v. Jordan, No. 1:17-cv-00816-DAD-BAM, wherein Plaintiff alleged violation of due process and false arrest against the officers involved in the animal cruelty incident on February 21, 2017, in addition to a DUI hit and run charge that allegedly occurred on February 5, 2017, incidents which are both factually related to the primary claims in this action. On October 23, 2019, the matter was dismissed for Plaintiff's failure to obey court orders.

On June 28, 2017, Plaintiff filed Williams v. Jurdon, No. 1:17-cv-00860-LJO-MJS, which is nearly identical to the lawsuit filed on June 19, 2017 in its relation to the February 21, 2017 animal cruelty incident and the allegations against the officers involved. United States Magistrate Judge Michael J. Seng recommended dismissing the action without leave to amend. Williams v. Jurdon, No. 117CV00860LJOMJS, 2017 WL 3981405, at *1 (E.D. Cal. Sept. 11, 2017), appeal dismissed sub nom. Williams v. Rivera, No. 18-15076, 2018 WL 7107614 (9th Cir. Oct. 31, 2018). Chief District Judge Lawrence J. O'Neill adopted the findings and recommendations in part and entered judgment against Plaintiff on January 4, 2018, however, before Magistrate Judge Seng's findings and recommendations were adopted, on September 19, 2017, Plaintiff filed Williams v. Leng, No. 1:17-cv-01256-DAD-SKO, an action against Magistrate Judge Seng alleging he violated Plaintiff's constitutional rights by dismissing Plaintiff's lawsuit. The action against Magistrate Judge Seng was dismissed by District Judge Dale. A. Drozd, the District Judge assigned to this action, without leave to amend, under the principle of judicial immunity. Williams v. Leng, No. 117CV01256DADSKO, 2017 WL 8793761, at *1 (E.D. Cal. Dec. 8, 2017). On December 19, 2017, Plaintiff then filed Williams v. Drozd, No. 1:17-cv-01707-LJO-EPG, alleging District Judge Drozd violated Plaintiff's due process rights by dismissing Plaintiff's complaint against Judge Seng. On January 4, 2018, Chief District Judge Lawrence J. O'Neill dismissed the action against Judge Drozd without leave to amend under the principle of judicial immunity. Williams v. Drozd, No. 117CV01707LJOEPG, 2018 WL 1787604 (E.D. Cal. Jan. 4, 2018). On January 17, 2018, Plaintiff then filed Williams v. U.S.D.C. Court Clerks, No. 1:18-cv-00071-LJO-SAB, an action against the court clerks of this Court, alleging they interfered with the filing of amended complaints in Williams v. Jordan, No. 1:17-cv-00816-DAD-BAM, and Williams v. Jurdon, No. 1:17-cv-00860-LJO-MJS. The undersigned recommended dismissing the action without leave to amend because in Williams v. Jordan, No. 1:17-cv-00816-DAD-BAM, a mistaken entry due to Plaintiff's name being incorrectly entered on the docket was corrected and the case was not dismissed for failure to prosecute and is still active, and in Williams v. Jurdon, No. 1:17-cv-00860-LJO-MJS, Plaintiff's objections to the findings and recommendations were properly filed and considered prior to dismissal. Williams v. U.S.D.C. Court Clerks, No. 118CV00071LJOSAB, 2018 WL 558834 (E.D. Cal. Jan. 25, 2018), appeal dismissed sub nom. Williams v. United States Dist. Court, No. 18-15199, 2018 WL 2166247 (9th Cir. Apr. 11, 2018).

On March 27, 2018, Plaintiff filed Williams v. Kings County District Attorney's Office, No. 1:18-cv-00416-DAD-SKO, an action against public defender Robert Stover and against all of the Kings County District Attorneys, which would include the district attorney Snyder named in this action, in relation to Plaintiff's allegation of police officer perjury during the May 3, 2017 preliminary hearing, the hearing at question in this instant lawsuit, and alleging that the prosecutors and public defender Stover knew of the video footage that would prove Plaintiff's innocence. On July 12, 2018, Plaintiff dismissed the action notifying the Court that the video footage in question was located.

On June 14, 2019, Plaintiff filed Williams v. Stover, No. 1:19-cv-00856-DAD-SAB (E.D. Cal.) against Defendants Robert H. Stover ("Stover"), identified as a public defender for Kings County, Thomas Snyder ("Snyder"), identified as a district attorney for Kings County, Jason D. Taylor ("Taylor"), identified as a public defender for Kings County, and a "K. vanbindsbergin," identified as a Kings County sheriff  The complaint alleged constitutional violations due to a May 3, 2017 preliminary hearing based on the February 21, 2017 incident for which Plaintiff claimed he had been framed. The matter was dismissed on October 22, 2019 for failure to state a claim. Plaintiff filed an appeal of the order which was dismissed by the Ninth Circuit as frivolous on February 7, 2020. Williams v. Stover, No. 19-17236 (9th Cir. Feb. 7, 2020.)

3

cruelty and the subsequent state court proceedings. See Williams v. Jordan, No. 1:17-cv-00816-DAD-BAM (E.D. Cal.); Williams v. Jurdon, No. 1:17-cv-00860-LJO-MJS (E.D. Cal.); Williams v. Stover, No. 1:19-cv-00856-DAD-SAB (E.D. Cal.). Here, Plaintiff brings claims against the public defender and the prosecutor for abuse of process and malicious prosecution. Plaintiff contends that a preliminary hearing was held on May 3, 2017 after he was arrested for animal cruelty. (Compl. 4, ECF No. 1.) Plaintiff received reports at the preliminary hearing that he found to be false. (Id.) Plaintiff informed the court and Mr. Stover that the reports were false and he wanted to compel Officer Leeds to testify because of information that was missing from the reports. (Id.) Plaintiff claims that his action is not brought based on the false reports but is for abuse of process against the public defender and the district attorney for not questioning Officer Leeds during the preliminary hearing on what he saw when he walked into Plaintiff's back yard on the day of his arrest. (Id. at 6-7.) Plaintiff contends that the testimony of Officer Leeds and the video from his body camera would have exonerated Plaintiff. (Id. at 7.)

At the May 3, 2017 preliminary hearing, Officer Jordan testified consistent with his report which Plaintiff contends was false. (Id. at 9.) Plaintiff states that the matter was ultimately terminated in his favor on June 29, 2017. (Id. at 15.) Plaintiff claims that Mr. Snyder knew the testimony presented at the preliminary hearing was false because he had access to the video footage and knew that Officer Jordan committed perjury. (Id.) Plaintiff is seeking monetary damages.

## III.

## DISCUSSION

### A. Section 1983 Claims Generally

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Ewing v. City of Stockton, 588 F.3d 1218,

4

1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must plead that the official has violated the Constitution through his own individual actions. Iqbal, 556 U.S. at 676; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiffs must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

A person acts under color of state law when he has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Being an employee with the state "is generally sufficient to render the defendant a state actor." West, 487 U.S. at 49. "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Id. at 50. To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002).

### B. Plaintiff's Claims against Public Defender Stover

As Plaintiff has been previously advised, he cannot state a cognizable § 1983 claim against his public defender, Robert Stover, for any actions taken as a representative of Plaintiff in his criminal case. See Williams v. Stover, No. 119CV00856DADSAB, 2019 WL 3234974, at *5 (E.D. Cal. July 18, 2019), report and recommendation adopted, No. 119CV00856DADSAB, 2019 WL 5390721 (E.D. Cal. Oct. 22, 2019) It is well established that court appointed attorneys are not acting under color of state law for § 1983 purposes but rather act as an advocate for their client. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2–3 (E.D. Cal. Dec. 12, 2017); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016),

report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017) ("A public defender does not act under color of state law, an essential element of a claim under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments."); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

Plaintiff's allegations against Defendant Stover clearly relate to his representation of Plaintiff and his performance of traditional lawyer functions. Plaintiff's claims against Stover only alleges a failure to call certain officers at the preliminary hearing held on May 3, 2017. Plaintiff's complaint fails to allege any facts to demonstrate that Defendant Stover was acting under color of law. Plaintiff has failed to state a section 1983 claim against Defendant Stover.

**C.  Plaintiff's Claims against District Attorney Thomas Snyder**

Plaintiff alleges that Snyder was present at the May 3, 2017 preliminary hearing as the acting prosecutor and failed to call certain police officers as witnesses which Plaintiff claims would have resulted in demonstrating that the officers were lying about the charges against Plaintiff.

1.  Malicious Prosecution

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted).

In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they

did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir.2004); Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012). A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution. Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011). Probable cause is an absolute defense to malicious prosecution. Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir. 2009).

In order to state a malicious prosecution claim, Plaintiff must show that the prior proceeding was commenced by or at the direction of the defendant and it was 1) pursued to a legal termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with malice. Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D.Cal. 2006). For the termination be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the charges. Villa v. Cole, 4 Cal.App.4th 1327, 1335 (1992).

Here, Plaintiff alleges that the animal cruelty charges were brought without probable cause. He states that an animal bit him and he put it over his back gate. (Compl. at 15.) Plaintiff contends that the officers did not believe him and so they came up with falsehoods to arrest him. (Id.) The allegations in the complaint are somewhat confusing, but it appears that police officers responded to Plaintiff's residence to investigate animal cruelty. (Id. at 5.) When Officer Leeds arrived, he went and talked to Plaintiff's neighbor. (Id. at 6.) Officers Rivera and Leeds went into the neighbor's backyard to investigate the animal. (Id.) Officer Jordan stayed with Plaintiff. (Id.) When Officers Rivera and Leeds came back, they told Officer Jordan to arrest Plaintiff. (Id.)

Plaintiff's claim is based on his allegations that the police reports contained false information and the prosecutor did not question Officer Leeds on the condition of the dog that he saw in the backyard and Officer Leeds police report did not contain the condition of the dog. Officer Jordan's report stated that the walked into the back yard and saw a dog that appeared to be deceased. (Id. at 5-6.) It further stated that he came out and advised Officer Rivera to arrest

Plaintiff. (Id. at 6.) At the preliminary hearing, Officer Jordan testified that he walked into the neighbor's backyard and saw an animal from about thirty feet away for about ten seconds and then had Officer Rivera arrest Plaintiff. (Id.) Plaintiff appears to allege that since Officer Jordan never left his side and the report was false there was not probable cause to arrest him.

Further, Plaintiff contends that Officer Rivera's report stated that he saw a dog on the canal bank and as he got closer the dog rose up and backed into the canal and almost drowned. (Id. at 5.) Plaintiff contends that there was no water in the canal so the dog could not have almost drowned. (Id. at 6.) Plaintiff contends that because the report falsely stated that there was water in the canal, probable cause did not exist to arrest him.

Plaintiff argues that the failure to call Officer Leeds to the stand and ask him what he saw in the backyard and the failure to call Officer Rivera to the stand was an abuse of process, resulted in a false arrest and his being held in custody on false charges. However, Plaintiff's allegations that the reports contained false statements do not demonstrate that probable cause did not exist to arrest Plaintiff.

Under California law, "every person who maliciously and intentionally maims, mutilates, tortures, or wounds a living animal, or maliciously and intentionally kills an animal, is guilty of a crime. . . ." Cal. Penal Code § 597(a). Further, "every person who . . . having the charge or custody of any animal, either as owner or otherwise, subjects any animal to needless suffering, or inflicts unnecessary cruelty upon the animal, or in any manner abuses any animal, or fails to provide the animal with proper food, drink, or shelter or protection from the weather, or who drives, rides, or otherwise uses the animal when unfit for labor, is, for each offense, guilty of a crime." Cal. Penal Code § 597(b). Here, it appears that the officers were investigating a complaint of animal cruelty and found the animal. Based on the reports, the animal appeared to be deceased but may have later ran away. Further, Judge Seng found that probable cause existed to arrest Plaintiff in adjudicating the Fourth Amendment claim. See Williams v. Jurdon, No. 117CV00860LJOMJS, 2017 WL 3981405, at *3 (E.D. Cal. Sept. 11, 2017) ("Here, an eyewitness reported seeing Plaintiff throw a dog over his fence. Plaintiff himself acknowledged choking the dog and throwing it over the fence, although he believed he had reason to do so. A

dog was, indeed, seen on the other side of Plaintiff's fence. These facts are sufficient to show that officers had probable cause to arrest Plaintiff. Although Plaintiff challenges the extent of the investigation undertaken by officers and the ultimate condition of the dog (i.e., how severely it was injured), such disputes are insufficient to allege a claim based on an arrest lacking probable cause.")

Although Plaintiff alleges that the case was resolved in his favor, the Court has previously taken judicial notice that the case remains open with no disposition. See Superior Court of Kings County, case information, case no. 17CM-0331, https://cakingsportal.tylerhost.net/CAKINGSPROD/Home/WorkspaceMode?p=0#DispositionEvents (last visited 2/25/20). Plaintiff is advised that a dismissal resulting from negotiation, settlement or agreement is generally not deemed a favorable termination of the proceedings. Villa, 4 Cal.App.4th at 1335. "[A]s a matter of law. . . the favorable termination which is essential to the plaintiff in a malicious prosecution action can not be based on the dismissal of the criminal charges remaining after the defendant in a criminal proceeding has entered a plea of nolo contendere to one or more of the charges in the accusatory pleading pursuant to a plea bargain. Cote v. Henderson, 218 Cal. App. 3d 796, 804 (1990). Therefore, if the charges were dismissed as part of a plea bargain it would not be a favorable termination because it would not indicate that Plaintiff was innocent of the charges.

In his complaint, Plaintiff contends that the prosecutor knew that the reports were false, but even assuming that there was no water in the canal and that it was actually Officers Rivera and Leeds who went into the backyard and saw the animal, Plaintiff has failed to allege any facts by which the Court could reasonably infer that Defendant Snyder prosecuted him with malice and without probable cause, and that he did so for the purpose of denying Plaintiff equal protection or another specific constitutional right. Plaintiff has failed to state a cognizable claim against Defendant Snyder for abuse of process.

2. Abuse of Process

Plaintiff also alleges an abuse of process claim. Courts find that, to the extent that an abuse of process claim under section 1983 would exist, it would be governed by state law. Cook

v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994); Hart v. Mannina, 798 F.3d 578, 593 (7th Cir. 2015) Erikson v. Pawnee Cty. Bd. of Cty. Comm'rs, 263 F.3d 1151, 1155 n.5 (10th Cir. 2001). The essence of an abuse of process claim is "misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." Rusheen v. Cohen, 37 Cal.4th 1048, 1057 (2006). To prevail on an abuse of process claim under California law, "a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." Rusheen, 37 Cal.4th at 1057.

The Second Circuit has held that "[i]n order to state a [§ 1983] claim for abuse of process, a plaintiff must establish that the defendants had an improper purpose in instigating the action . . . [and] that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." Morales v. City of New York, 752 F.3d 234, 238 (2nd Cir. 2014) (quoting Savino v. City of New York, 331 F.3d 63, 77 (2d Cir.2003). To the extent that an abuse of process claim would exist under section 1983, the plaintiff must allege facts to assert a constitutional violation. Alvarez Castro v. Negron, 475 F.Supp.2d 147, 152 (D.P.R. 2007).

Here, Plaintiff alleges an abuse of process claim by Defendant Snyder based on his failure to call additional witness at the preliminary hearing. But the gravamen of an abuse of process claim "is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." Heck v. Humphrey, 512 U.S. 477, 486 n.5 (1994). Here, Plaintiff's claim that Defendant Snyder failed to call Officer Leeds or Rivera at the preliminary hearing does not demonstrate the use of court process for some improper purpose. Rather this is the type of conduct for which Defendant Synder would be entitled to prosecutorial immunity.

Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that

judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

Based on the allegations in the complaint, the Court finds that to the extent that an abuse of process claim would be recognized in the Ninth Circuit, Plaintiff has failed to state a cognizable claim against Defendant Snyder.

**D.     Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). This is the fourth action that Plaintiff has filed based on the incidents alleged in this complaint. The Court finds that there are no facts which Plaintiff could allege that would cure the deficiencies in Plaintiff's claims and it would be therefore futile to grant leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) Here, Plaintiff has filed four complaints based on his arrest for animal cruelty and the subsequent criminal prosecution. The Ninth Circuit has held that it is not an abuse of discretion to dismiss a complaint pursuant to section 1915(d) "that merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995).

Finally, Plaintiff has filed the same the suit against the same defendants which the Court finds to be malicious under the Prison Litigation Reform Act. See also Rosiere v. United States,

No. 217CV02468APGPAL, 2018 WL 7357399, at *4 (D. Nev. Sept. 10, 2018), report and recommendation adopted, No. 217CV02468APGPAL, 2019 WL 690351 (D. Nev. Feb. 19, 2019), appeal dismissed, No. 19-15358, 2019 WL 4126537 (9th Cir. Aug. 26, 2019) (finding the filing multiple actions containing nearly the same allegations against the same defendants as the earlier actions is duplicative, frivolous, and malicious); Gaspard v. Toms, No. 18-CV-05516-LHK, 2019 WL 2123589, at *4 (N.D. Cal. May 15, 2019) (dismissing action as malicious where action raised only claims pending or previously litigated in six other suits against the defendants). The Court recommends that this action be dismissed as malicious.

## IV.

## CONCLUSION AND FINDINGS AND RECOMMENDATIONS

For the reasons discussed, Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights. Based upon the allegations in Plaintiff's complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for malicious prosecution or abuse of process, and further amendment would be futile. See Hartmann, 707 F.3d at 1130. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed with prejudice for failure to state a cognizable claim; and
2. This action be dismissed as malicious.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thrity (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2020**

_____
UNITED STATES MAGISTRATE JUDGE