UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT H. STOVER, et al.,<br><br>    Defendants. | No. 1:20-cv-00063-NONE-SAB<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITH PREJUDICE AS MALICIOUS AND FOR FAILURE TO STATE A CLAIM</u><br><br>(Doc. No. 9) |

Plaintiff Ahkeem Deshavier Williams, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. In this action, plaintiff is not challenging the conditions of his confinement. Instead, he seeks redress with respect to his February 21, 2017 arrest for animal cruelty and a subsequent criminal proceeding in state court. (Doc. No. 1 at 4.) At a preliminary hearing held in the Kings County Superior Court on May 3, 2017 after his arrest, plaintiff alleges he received certain reports regarding his February 21, 2017 arrest that he found to be false. (*Id.*) Plaintiff allegedly informed the superior court and his appointed public defender that the reports were false and that he wanted to compel a police officer to testify because information was missing from those reports. (*Id.*) Plaintiff claims to bring this action for abuse of process and malicious prosecution against his public defender and

the Kings County District Attorney because they failed to question the police officer at the May 3, 2017 preliminary hearing.  (*Id.*)  Plaintiff has filed five cases in this court based on his February 21, 2017 arrest and the subsequent preliminary hearing held in the Kings County Superior Court on May 3, 2017.  *See Williams v. Jordan*, No. 1:17-cv-00816-DAD-BAM (E.D. Cal.); *Williams v. Jurdon*, No. 1:17-cv-00860-LJO-MJS (E.D. Cal.); *Williams v. Kings Cty. Dist. Attorney's Office*, No. 1:18-cv-00416-DAD-SKO (E.D. Cal.); *Williams v. Stover*, No. 1:19-cv-00856-DAD-SAB (E.D. Cal.).  Additionally, plaintiff has filed other lawsuits in this court stemming from the underlying February 21, 2017 incident that led to his arrest.  *See Williams v. Drozd*, No. 1:17-cv-01707-LJO-EPG (E.D. Cal.) (alleging that the assigned district judge violated plaintiff's due process rights by dismissing his lawsuit brought against the assigned magistrate judge who dismissed plaintiff's previous lawsuit); *Williams v. U.S.D.C. Court Clerks*, No. 1:18-cv-00071-LJO-SAB (E.D. Cal.) (alleging that court clerks interfered with plaintiff's filing of amended complaints in previous lawsuits).

      This action was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On February 27, 2020, the assigned magistrate judge issued findings and recommendations, recommending that this case be dismissed with prejudice due to plaintiff's failure to state a cognizable claim and because the action is malicious due to the fact that plaintiff had previously filed this same action against the same defendants.  (Doc. No. 9.)  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within 30 days of service of the order.  (*Id.* at 12–13.)  No objections have been filed, and the time in which to do so has passed.

      The findings and recommendations correctly concluded that plaintiff cannot state a claim for abuse of process against his public defender or the district attorney, and he also cannot state a claim for malicious prosecution against the district attorney.  Plaintiff cannot maintain an abuse of process claim under § 1983 against his public defender because public defenders do not act under color of state law in representing their clients.  *See Miranda v. Clark Cty. of Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (affirming dismissal of complaint because public defender was not acting on behalf of county for purpose of § 1983 in representing plaintiff's interests).  Plaintiff

2

cannot state a claim for abuse of process against the district attorney based on the decision not to question a police officer during the May 3, 2017 hearing.  *See Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994) (holding that the essence of an abuse of process claim "is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate needs").  And plaintiff cannot maintain a claim for malicious prosecution against the district attorney because probable cause existed for his arrest.  *See Ayala v. Envtl. Health*, 426 F. Supp. 2d 1070, 1083 (E.D. Cal. 2006) (listing elements).  As the court explained in one of plaintiff's previous cases:

> Here, an eyewitness reported seeing Plaintiff throw a dog over his fence. Plaintiff himself acknowledged choking the dog and throwing it over the fence, although he believed he had reason to do so. A dog was, indeed, seen on the other side of Plaintiff's fence. These facts are sufficient to show that officers had probable cause to arrest Plaintiff.

*Williams v. Jurdon*, No. 1:17-cv-00860-LJO-MJS, 2017 WL 3981405, at *3 (E.D. Cal. Sept. 11, 2017).  Finally, the findings and recommendations correctly concluded that this action is malicious under the Prison Litigation Reform Act because plaintiff previously filed the same suit against the same defendants.  (*See* Doc. No. 9 at 3 n.1 (collecting cases).)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a de novo review of this matter.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on February 27, 2020 (Doc. No. 9), are adopted in full;
2. This action is dismissed with prejudice due to plaintiff's failure to state a claim and due to the action being malicious; and

/////

/////

/////

3. The Clerk of the Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **April 21, 2020**

  *Dale A. Drozd*
UNITED STATES DISTRICT JUDGE